UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIE JAMES BUSH, JR.,
    Plaintiff,

vs

JEWISH HOSPITAL-MERCY
HEALTH, et al.,
    Defendants.

Case No. 1:13-cv-574

Dlott, J.
Bowman, M.J.

**REPORT AND
RECOMMENDATION**

    Plaintiff, who resides in Cincinnati, Ohio, has filed a *pro se* civil complaint. (*See* Doc. 1, Complaint). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

    Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise

to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff brings this action against "The Jewish Hospital-Mercy Health" in Cincinnati, Ohio, as well as the United States Clerk of Court for the Southern District of Ohio in Cincinnati. (*See* Doc. 1, Complaint, p. 2). The complaint contains the following factual allegations:

> Well, it all started on Monday, 6-17-2013 and ended on 6-25-2013! After I filed lawsuit 1:13CV417, experiencing anxiety attack and chest pains (tightening of the chest), I left federal courthouse, downtown and proceed to get on I-71 and go up to Montgomery Road exit, and exit there. Made a right turn and went down to East Galbraith Road and made a left turn on East Galbraith Road and drove up to The Jewish Hospital and pulled in parking lot, parked truck, got out and went into Emergency and told lady at the desk I was experiencing anxiety attack and having chest pains! They call me in five or ten minutes, in which I went to the emergency ward and nurses and doctors starting to ask me questions of what brought me here to the hospital! I told them, experiencing anxiety attack and chest pains, while filing lawsuit! The nurse and doctors ask me to take off my outer garments and shoes and socks, and put on hospital robe for examination and running test on my heart! The tall slender RN blonde with pigtail hanging over her left breast was racist, narcissistic, arrogant and made inappropriate statements to me, such as: "You know to[o] Much" and I immediately ask her could I see a "Patient Advocate" and she ignored me! I asked her several times afterward, she ignored me, so I ask another RN (thick, shoulder length hair, . . . glasses) on the ER Ward, she said I'll call one for you and no patient advocate show up on 6-17-2013! The blond slender RN came back around 5pm, with a grin on her face, and said the patient advocate[s] were gone for the day! I asked her around 1:30pm, for the first patient advocate.
>
> On 6-19-2013, Wednesday, transportation came for me around 11:30 am, to take me downstairs for surgery procedure (angiogram). I get down there in their holding room, where the patient is recuperating or is getting ready for the operating table. Anyway, the RN, that's in charge of making sure that you're prep and ready for surgery. Her name is Cathy and while she was prepping me for my procedure, "I told her I don't do anesthesia well and it takes me a long time to come back!" Her response[] was, "We don't do anesthesia, we do sedation/sedative." She fail to relay my information to Dr. Dan Tramuta and when I didn't recover in a reasonable time, the doctor thought I had a "STROKE" on the operating table, when in reality, it was the sedative/sedation that they put me under and the breakdown in communication between Cathy and Dr. Tramuta was compromised! Dr. Tra[mu]ta was about to have bowel movement in his pants when I didn't respond to him!
>
> On 6-20-2013, MD Ngozi Nwankwo, she in charge of discharging patients off

3

> floor 4 south (cardiology), at the Jewish Hospital on Kenwood and East Galbraith Road. She ask me how I was doing and I reply fine, thank you! Then I ask her would she be around to discharge me, between 8am and 9am on 6-21-2013? She said, "She would and gave me one of her business cards to contact her." So the next day, 6-21-2013, I called the operator (around 7am) to get in touch with her(MD Ngozi Nwankwo), and the operator hook me up with the nurses on 4South and I told them that I was looking for Dr. Nwankwo to be discharge[d] between 8am and 9am. The nurses on 4South tried paging her, but no response. Tried patient advocate, no response, tried Clinical Supervisor, Kim and she tried to 1:30pm, and finally got a hold of Dr. Nwankwo and she came over at 2pm, to write discharge paperwork on me. She made excuses why I, nurses on 4 South and to Kim couldn't get her to response! She said she was in ICU with a very sick patient! I will have to find another hospital to go to! This doctor out right lied to me and her actions showed she is not a person of her word!
>
> On 6-24-2013 and 6-25-2013, I called and talk to Tiffany and another lady, can I speak to Dr. Ahmad, respectively, and he hasn't returned my call[]!
>
> At 3pm, on 6-25-2013, I saw PRIMARY CARE PROVIDER, DR. CHRIS BALKOWEIC, at CINCINNATI VAMC, he was complaining that my A1C is to[o] high and to get my sugars under control! I told him I would and showed him the medical records from the Jewish Hospital and as he was reading them, he start laughing, because what Dr. Tramuta was going thru due to Cathy failure to communicate with him and the fact that the records indicate that I was 6 (SIX) years old, instead of the truth, . . . my age is 60 years old! Before that, I wasn't going to sue the Jewish Hospital, but that's the straw that broke the camel back and pissed me off! That's the reason of this lawsuit, my medical records made me look like a joke in front of Dr. Balkoweic and Dr. Ahmad never got back with me!

(*Id.*, pp. 3-4). As relief, plaintiff requests damages in the amount of "$500,000.00, for the way I was treated in emergency and $100,000,000.00 for being treated on operating table, due to breakdown in communication between nurse and doctor." (*Id.*, p. 5).

Plaintiff's factual allegations and requests for relief are identical to those contained in a prior complaint that plaintiff filed with this Court against the United States Clerk of Court for the Southern District of Ohio in Cincinnati and Dr. Yousuf J. Ahmad, "Mercy Health President and CEO." *See Bush v. Ahmad, et al.*, Case No. 1:13-cv-448 (S.D. Ohio) (Weber, J.; Bowman, M.J.) (Doc. 3, pp. 2-4). The only difference between the two complaints is that plaintiff has named the Jewish Hospital-Mercy Health as a defendant rather than Dr. Ahmad. On July 3, 2013, the

4

undersigned issued a Report and Recommendation to dismiss the prior complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B) and for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3). *See id.* (Doc. 4). In that Report and Recommendation, the undersigned pointed out that plaintiff had "filed two other complaints in the past few weeks, which are pending before the District Court on Reports and Recommendation . . . to dismiss the complaint at the screening stage. *See Bush v. United States, et al.,* Case No. 1:13-cv-384 (S.D. Ohio) (Barrett, J.; Bowman, M.J.) (Doc. 6); *Bush v. United States, et al.*, Case No. 1:13-cv-417 (S.D. Ohio) (Dlott, J.; Bowman, M.J.)" *Id.* (Doc. 4, pp. 9-10).[1] Plaintiff was warned that "if this and the other two screening dismissal Report and Recommendations are adopted by the District Court, and he continues to file lawsuits with this Court that are subject to dismissal on screening, he may be subject to sanctions under Fed. R. Civ. P. 11 as a vexatious litigator." *Id.* (Doc. 4, p. 10). Since that time, the District Court has adopted the Report and Recommendations in Case Nos. 1:13-cv-384 and 1:13-cv-417 to dismiss plaintiff's complaints at the screening phase. *See* Case No. 1:13-cv-384 (Docs 8-9); Case No. 1:13-cv-417 (Docs. 8-9). Those cases are now closed. The Report and Recommendation issued in Case No. 1:13-cv-448 is still pending before the District Court for ruling.

The instant complaint, which is duplicative of the complaint filed in Case No. 1:13-cv-448, is also subject to dismissal with prejudice at the screening phase. Plaintiff's allegations were fully addressed in the Report and Recommendation issued in Case No. 1:13-cv-448. The fact that Jewish Hospital-Mercy Health has replaced Dr. Ahmad as a defendant makes no difference in the Court's analysis. Like Dr. Ahmad, who is a private physician, the hospital is a

---

[1] It was further noted that two additional complaints had been filed by plaintiff, which were allowed to proceed past the screening phase. *See Bush v. United States, et al.*, Case No. 1:13-cv-76 (S.D. Ohio) (Weber, J.; Litkovitz, M.J.); *Bush v. United States, et al.*, Case No. 1:13-cv-406 (S.D. Ohio) (Barrett, J.; Litkovitz). Both those cases are presently pending before the Court for ruling on defendants' motions to dismiss for lack of jurisdiction. *See* Case No. 1:13-cv-76 (Doc. 9); Case No. 1:13-cv-406 (Doc. 13).

private institution.  Therefore, as discussed in the prior Report and Recommendation with respect to Dr. Ahmad, plaintiff is unable to state a federal cause of action against the hospital under either 42 U.S.C. § 1983 or the Federal Torts Claim Act (FTCA).  *See* Case No. 1:13-cv-448 (Doc. 4, pp. 6-7).  In addition, plaintiff's factual allegations, which are identical to those contained in the prior complaint, fail to state a colorable federal claim against the hospital under the Emergency Medical Treatment and Active Labor Act (EMTALA) or against the defendant Clerk of Court.  *See id.* (Doc. 4, pp. 5-6, 8-9).

The Supreme Court has recognized that "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,'" have given rise to the general principle that duplicative litigation in the federal court system is to be avoided.  *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).  The District Court, therefore, has the inherent power to dismiss an action when it is duplicative of another action pending in the federal court.  *See, e.g., Baldwin v. Marshall & Ilsley Fin. Corp.,* No. 1:11cv804, 2011 WL 7499434, at *4 (S.D. Ohio Nov. 23, 2011) (Litkovitz, M.J.) (and numerous cases cited therein), *adopted*, 2012 WL 869289 (S.D. Ohio Mar. 14, 2012) (Weber, J.).  Such power should be exercised in this case.  *Cf. id.*; *see also Ball v. Obama*, 1:13cv204, 2013 WL 2153967, at *2, *5 (S.D. Ohio May 16, 2013) (Barrett, J.; Litkovitz, M.J.) (dismissing duplicative complaint at screening stage); *Catchings v. Fry*, No. 12-2305-JDT-TMP, 2013 WL 3433145, at *3 (W.D. Tenn. July 8, 2013) (holding that complaint containing allegations that "were fully addressed in . . . prior orders of dismissal" was duplicative and thus subject to dismissal at screening stage as frivolous and lacking "an arguable basis in law or in fact").

Accordingly, in sum, the instant complaint should be dismissed with prejudice as

frivolous on the ground that plaintiff's allegations are duplicative of claims raised in Case No. 1:13-cv-448 as well as for the reasons given in the Report and Recommendation issued on July 3, 2013 to dismiss the complaint filed in that prior action.  *See* 28 U.S.C. 28 U.S.C. § 1915(e)(2)(B).  Plaintiff is again warned that if this Report and Recommendation and the Report and Recommendation in Case No. 1:13-cv-448 are adopted by the District Court, and he continues to file lawsuits with this Court that are subject to dismissal on screening, he may be subject to sanctions under Fed. R. Civ. P. 11 as a vexatious litigator.

### IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  Plaintiff remains free, however, to apply to proceed *in forma pauperis* in the Court of Appeals.  *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

/s/ *Stephanie K. Bowman*
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

WILLIE JAMES BUSH, JR.,                          Case No. 1:13-cv-574
    Plaintiff,

                                                        Dlott, J.
    vs                                                Bowman, M.J.

JEWISH HOSPITAL-MERCY HEALTH, et al.,
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **within 14 days** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

cbc

8